JOHN ASHWORTH *et al. v.* DEMIER & BOYLES, Adm'rs, *et al.*

CONDEMNATION. *Death before sale. Satisfaction set aside.* In a case of condemnation and order of sale of land to satisfy a judgment obtained before a Magistrate, if the defendant die before the actual issuance of the order, or even before a sale under it, the inheritance descends to the heirs, and no valid sale can be made until *scire facias* against the heirs and revivor.

FROM LINCOLN.

Appeal from the Chancery Court.   A. S. MARKS, Chancellor.

J. G. CARRIGAN for Ashworth and wife.

BOYLES & BURNAM for Demier *et al.*

TURNEY, J., delivered the opinion of the Court.

In a case of the condemnation and order of sale of land to satisfy a judgment obtained before a Magistrate, if the defendant die before the actual issu-

ance of the order, or even before a sale under it, the
inheritance descends to the heirs, and no valid sale
can be made until *scire facias* against the heirs and
revivor.

The order of condemnation is not a judgment for
money, such as awards execution, but is merely the
action of a Court of Record in aid of the Magis-
trate's judgment and execution. The levy by the
constable invested him with no title. He had no
authority to sell by virtue of it, but must bring it
into Court with his levy endorsed upon it, that the
Court may direct an order of sale to issue, which
process speaks only from the time of its issuance and
must, to be valid, be against parties in existence.

The order is in the nature of a decree in Chan-
cery, interlocutory in its character, so that if the
process issued from it be returned not fully satisfied,
the Court may proceed to render judgment for the
remainder of the debt and award execution.

The sale here is invalid, the bill, however, show-
ing that the administration has long since been settled,
which is equivalent to showing the personal estate has
been exhausted, and upon the maxim that he who
seeks equity must do equity, the defendants are en-
titled to a decree for the sum due their intestate, to
be credited by the value of the rents and profits of
the lot during the time it was actually used or occu-
pied by Farquaharson, or those claiming under him.

The cause will be remanded for an account, and
the execution of a decree pursuing this opinion. The

balance due to Farquaharson will be a lien upon the house and lot.

Reverse the decree.